Richmond

BONNIE C. CORD

v.

DUNCAN C. GIBB, JUDGE OF THE
CIRCUIT COURT OF WARREN COUNTY

April 20, 1979.

Record No. 780823.

Present: All the Justices.

Thomas V. Monahan *(Hall, Monahan, Engle, Mahan & Mitchell,* on briefs), for appellant.

Valentine M. Southall, Jr., Assistant Attorney General *(Marshall Coleman, Attorney General; Walter H. Ryland, Deputy Attorney General,* on brief), for appellee.

PER CURIAM.

This is an appeal by Bonnie C. Cord (Cord or petitioner) from an order denying her the certificate of honest demeanor or good moral character required by Code § 54-60* as a prerequisite to her right to take the bar examination conducted by the Virginia Board of Bar Examiners. While a number of issues were briefed and argued, we need decide only one of those issues: whether the trial court, on the record before it, erred in refusing to issue to Cord the requested certificate of honest demeanor or good moral character.

Cord, a 1975 law school graduate, was admitted by examination to practice law in the District of Columbia that same year. After engaging in private practice for a period of 13 months, Cord accepted a position as an Attorney-Advisor with an agency of the federal government. She was still employed in that capacity on the date she petitioned for the required certificate. At that time Cord was a member, in good standing, of The District of Columbia Bar,

---

*Code § 54-60, in pertinent part, provides:

". . .Such person also shall file with the Board a certificate from the circuit court of the county. . .wherein he resides, or the judge of...such [court] finding, that he is a person of honest demeanor, or good moral character, is over the age of eighteen, was a resident of this State at the time his application to take the examination was filed with the Board and intends to continue as a resident of this State to the time of taking the examination for which he applies. . . .

"No such certificate shall be made by any such court or judge, unless and until the name of the person applying therefor has been submitted by the court, or judge, to three attorneys, practicing before such court, who shall make a thorough investigation of the moral character and fitness of the applicant and make a report of their findings to the court, or judge, and the certificate shall show compliance with the above requirements; but such report shall not be binding on the court or judge."

* * *

The Bar Association of the District of Columbia, and the American Bar Association.

The court below, as required by the second paragraph of Code § 54-60, appointed three practicing attorneys to make an investigation of the moral character and fitness of Cord and to report their findings to the court.

In their written report, the attorneys disclosed that they had completed their investigation, which included a personal interview with Cord and contacts with her former employers. The report also related that petitioner, in her interview, stated that she had jointly purchased a home in a rural area of Warren County with Jeffery Blue, and that she and Blue jointly resided there. Two of the investigating attorneys reported that they were of opinion that from the standpoint of "moral character and fitness", Cord was qualified to take the bar examination. One of the investigating attorneys, believing that Cord's living arrangement affected her character and fitness, recommended that the required certificate not be issued.

After reviewing this report, the trial court convened an *ore tenus* hearing to allow Cord to present further evidence in support of her petition. At this hearing four of Cord's neighbors, all of whom were aware of her living arrangement, vouched for her good moral character, integrity and acceptance in the community. All these witnesses testified that Cord's living arrangement, while generally known in the community, was not a "matter of discussion within the community" and that her admission to practice law would not reflect adversely on the organized bar.

In addition to this testimony, the court received and considered a letter written by Cord's nearest neighbor attesting to her "high character" and acceptance in the community. The court also received and considered letters from three practicing attorneys in the District of Columbia with whom Cord had been associated while in private law practice. Each of these letters vouched for Cord's professional competence, integrity and good moral character in such terms as "she is of the highest moral character both professionally and personally" and "Bonnie, during the thirteen months that she was associated with this firm, always demonstrated the highest possible morals, both professionally and personally."

██ In its order the trial court, while finding that Cord met the statutory requirements for taking the bar examination in all other respects, refused to issue the certificate of honest demeanor or good moral character "on the grounds that the living arrangement of Applicant would lower the public's opinion of the Bar as a whole." In applying this standard in lieu of the statutory standard, the trial court erred.

██ Whether a person meets the "honest demeanor or good moral character" standard of Code § 54-60 is, of course, dependent upon the construction placed on those terms. The United States Supreme Court, recognizing that a state may require "high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar," has held that such qualifications, to pass constitutional muster, must have a "rational connection with the applicant's fitness or capacity to practice law." *Schware* v. *Board of Bar Examiners*, 353 U.S. 232, 239 (1957). In *Matter of Brown*, 213 Va. 282, 284, 191 S.E.2d 812, 814 (1972), we recognized and applied the *Schware* rule in sustaining our Rule 1A:1, which requires a foreign attorney who seeks admission to our bar without examination to establish an intention to practice full time as a member of the Virginia Bar as a prerequisite to such admission.

Except for Cord's statement that she and a male to whom she was not married jointly owned and resided in the same dwelling, the record is devoid of any evidence which would otherwise reflect unfavorably on Cord's professional competence, honest demeanor and good moral character. In fact, the evidence of a number of responsible citizens in the community where Cord resides establishes that she is of good character and honest demeanor. Likewise, the letters received from Cord's former employers vouch for her good moral character, as well as her professional competence.

██ While Cord's living arrangement may be unorthodox and unacceptable to some segments of society, this conduct bears no rational connection to her fitness to practice law. It can not, therefore, serve to deny her the certificate required by Code § 54-60.

Accordingly, we hold the trial court erred in refusing to issue to petitioner a certificate of honest demeanor or good moral character. The order below will be reversed and the case will be remanded with direction that the trial court forthwith issue the certificate requested by petitioner.

*Reversed and remanded.*